**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:06CR376** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **MEMORANDUM** |
| **vs.** | ) | **AND ORDER** |
| | ) | |
| **LEONA COLE,** | ) | |
| | ) | |
| **Defendant.** | ) | |

This matter is before the Court on the following motions filed by the Defendant, Leona Cole: to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255 ("§ 2255 motion") (Filing No. 187); and for a sentencing transcript (Filing No. 188). The motion includes a request for leave to respond to any arguments made by the government in response to the motion.

Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

**FACTUAL BACKGROUND**

Cole pleaded guilty to Count I of the Indictment charging her with conspiracy to distribute and possess with intent to distribute 500 grams or more of methamphetamine. Her plea agreement includes a waiver of the right to file a motion under 28 U.S.C. § 2255, subject to the following exception: "[t]he right to seek post conviction relief based on

ineffective assistance of counsel . . . if the grounds for such claim are not known to you, or not reasonably knowable by you, at the time you enter your plea pursuant to this agreement." (Filing No. 85, ¶ 2b(C).) The plea agreement included language relating to any cooperation that Cole might have provided. (Filing No. 85, ¶ 4.) Cole's sentencing guideline range was 120-135 months. (Filing No. 161, ¶ 66.) Cole was sentenced to 120 months and 5 years supervised release. (Filing No. 165.) The plea agreement included a waiver of Cole's appeal right, subject to limited exceptions, and a direct appeal was not filed.

**DISCUSSION**

In her § 2255 motion, Cole argues that she received ineffective assistance of counsel, because her trial attorney, Kristina Murphree, failed to: tell Cole that a lower drug quantity and charge could have been negotiated, resulting in a lower sentence (Ground 1); did not "focus" on Cole and simply said that Cole would receive a 10-year sentence (Ground 2); tell Cole the truth about a second proffer that apparently never took place (Ground 3); adequately represent Cole during the plea phase, as Cole felt threatened to plead guilty, thought that she would not have pretrial release if she exercised her right to a trial, and did not answer question 45 in the plea petition in her own words (Claims 4, 5); obtain a sentence under the statutory minimum, despite Cole's cooperation (Ground 6); have biographical and criminal history information in the Presentence Investigation Report ("PSR") corrected (Ground 8); and acknowledge materials read by Cole stating that a judge can sentence a criminal defendant under her discretion (Ground 10).

Additionally, Cole argues: her plea was involuntary because she was promised a lesser sentence if she cooperated, which she asserts that she did (Ground 7); and the search of her residence did not result in drugs, residue, or "signs of drugs" (Ground 9).

**CLAIMS 7 AND 9**

Under Cole's plea agreement, these claims may not be raised. Claims 7 and 9 do not relate to alleged ineffective assistance of counsel. These claims are denied without further discussion.

**CLAIMS 1,[1] 4 AND 5[2]**

Under Cole's plea agreement, Cole may not raise these claims because they would certainly have been known to her, or reasonably known by her, at the time of her plea. These claims are denied without further discussion.

**CLAIMS 1, 2, 3, 6, 8, AND 10**

These remaining allegations relate to aspects of the sentencing phase. In order to establish ineffective assistance of counsel, Cole must satisfy both prongs of the test articulated by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668 (1984). The performance prong requires a showing that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that counsel failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Id.* at 687-89. The prejudice prong requires a movant to demonstrate that seriously deficient performance of counsel prejudiced the defense. *Id*. at 687.

---

[1]Ground 1 relates to both the plea and sentencing phases.

[2]Claim 9, already denied, would also be denied for the same reason that supports the denial of Claims 1, 4, and 5.

***Claims 1 and 2***

Claims 1 and 2 lack specifics. Cole was charged with a crime involving at least 500 grams of methamphetamine. (Filing No. 1.) In her plea agreement, she agreed that she was responsible beyond a reasonable doubt for at least 500 grams but less than 1.5 kilograms of methamphetamine. (Filing No. 85, ¶ 9.) In Cole's plea petition, she stated that she understood the following: she faced a 10-year mandatory minimum sentence; the sentence would be for the Court to decide; there was no guarantee that her sentence would be within the guideline range; relevant conduct applies; and the government would decide whether her cooperation would rise to the level of substantial assistance. (Filing No. 84.) At the change of plea hearing, Cole agreed that measures were taken so that she could thoroughly review the plea documents and complete them line by line with her attorney. (Filing No. 111, at 18.) Cole stated under oath that her answers to the questions in the plea petition were true and that any of her questions regarding the plea documents were answered by her attorney. (*Id*., at 19.) Cole agreed with the drug amounts listed by the Assistant United States Attorney during the recitation of the government's version of the offense. Those amounts included: February 13, 2006 - 3.5 grams; February 28, 2006 - 3.5 grams; April 10, 2006 - 6 grams; and considering amounts stated by cooperating individuals, the drug quantity rose to approximately 1.5 kilograms of methamphetamine. (*Id*., at 27-28.) It was unknown at the time of the plea whether the government would argue that any attempted cooperation might lower Cole's sentence. (*Id.*, at 16; Filing No. 85.)

In claims 1 and 2 of her § 2255 petition, Cole argues that her attorney never told her that the drug weight could be reduced below 500 grams of methamphetamine, thereby lowering the sentence. Cole argues that her lawyer told her she would receive a 10-year sentence and "never helped" her. As indicated, the record does not support Cole's claims.

***Claim 4***

In claim 4, Cole argues that she was forced or threatened to plead guilty. She states that she pleaded guilty in order to obtain pretrial release and avoid going to trial and being the subject of the testimony of cooperating individuals.

The plea petition indicates that Cole was not forced or threatened to plead guilty. (Filing No. 84, ¶¶ 34-41.) Similarly, Cole testified under oath at the change of plea hearing that she was not forced or threatened, directly or indirectly, to waive her constitutional rights or plead guilty. (Filing No. 111, at 24, 26.) The record does not support claim 4.

***Claim 6***

Cole argues in Claim 6 that although she cooperated by speaking with law enforcement she was not rewarded with a lower sentence. She asserts that her attorney failed to assist her in this regard.

Cole's answers in her plea petition reflect that she understood that if she cooperates only the United States Attorney decides whether to file a motion for downward departure asking the Court for a lower sentence and that the judge "may" impose a sentence below the guideline range. (Filing No. 84, ¶¶ 32, 33.) At the change of plea hearing, Cole testified that she understood the plea agreement to promise only that the United States

Attorney would consider any cooperation and whether to file a motion for downward departure. (Filing No. 111, at 16, 17.) The record does not support Claim 6.

***Claim 8***

In Claim 8, Cole argues that information in her PSR was incorrect, such as her date of birth, social security number, "past cases & life story." Cole asserts that her attorney told her that the PSR had no effect on sentencing and Cole should not request any changes.

A comparison of Cole's pretrial services report and PSR reflects a one-day difference in her date of birth. (Filing Nos. 49, 161.) Her social security number is not included in her pretrial services report. A discrepancy in either her birth date or social security number would be relevant, for example, if Cole's criminal history differed in the two reports. However, her criminal history in her pretrial report and PSR is identical. Any information regarding her "life story" in her PSR would not affect Cole's sentencing guideline range. Cole cannot demonstrate that her attorney was remiss in not challenging these details, and she cannot prove either prong of *Strickland.* Cole also had opportunities to raise any issues regarding her criminal history, and she did not do so. Therefore, the record does not support Cole's claim.

**CONCLUSION**

For the reasons discussed, Cole's § 2255 motion is summarily denied. The motion for a sentencing transcript is denied as moot.

IT IS ORDERED:

1. The Court has completed the initial review of the Defendant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Filing No. 187);

2. Upon initial review, the Court summarily denies the Defendant's claims raised in the § 2255 motion, and the motion (Filing No. 187) is summarily denied;

3. The Defendant's motion for a sentencing transcript (Filing No. 188) is denied;

4. A separate Judgment will be issued denying the § 2255 motion; and

5. The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at her last known address.

DATED this 14th day of April, 2008.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge